UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JORDAN MANUFACTURING COMPANY, INC., | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | CAUSE NO. 4:09-CV-60 JD |
| BRITTANY DYEING & PRINTING CORP., | ) ) ) ) | |
| Defendant/Counterclaimant. | ) | |

## ORDER

Before the Court is Plaintiff Jordan Manufacturing Company's Motion in Limine. Jordan filed its motion on March 1, 2012; Defendant Brittany Dyeing & Printing filed its response on April 27; and Jordan filed its reply on May 7. *See* DE 60, 74, 75. The Court heard argument on the motion at the pre-trial conference held on August 2. *See* DE 76. For the following reasons, the motion is denied in part and granted in part.

This lawsuit involves claims and counterclaims arising from Brittany's retention of fabric and screens belonging to Jordan. Jordan claims that Brittany converted its property by refusing to return the property despite Jordan's demands, and that it does not owe Brittany anything for preparation, storage, or handling of its materials under the provisions of an express agreement controlling the parties' relationship. Brittany claims that it is entitled to a statutory "Spinner's Lien" under Massachusetts law and that Jordan has breached an implied agreement by refusing to pay preparation, storage, and handling fees for fabric that Brittany did not print for Jordan.

Jordan seeks three things in its motion in limine.

1

1. First, it asks the Court to exclude argument and evidence regarding industry custom and usage in support of Brittany's claim for preparation fees. It argues that there was an express agreement between the parties under which Brittany agreed that it would not charge preparation fees unless Jordan decided to move its fabric without printing, and that evidence of custom and usage cannot override the terms of an express agreement. In support of its alleged express agreement, Jordan relies exclusively on a single e-mail from Brittany to Jordan. This is the same argument, however, that the Court rejected in denying Jordan's motion for summary judgment. *See Jordan Mfg. Co., Inc. v. Brittany Dyeing & Printing Corp.*, 822 F. Supp. 2d 848, 854–55 (N.D. Ind. 2011). There, the Court concluded that it could not "hold it beyond reasonable dispute that the quoted e-mail statement was, or would necessarily have been understood as, a promise not to charge for fabric preparation if Brittany terminated the relationship and thus precipitated any decision to move the fabric." *Id.* at 855. This is the law of the case and the Court sees no reason to reconsider its prior ruling at this juncture. Evidence of industry custom is relevant to the parties' intentions to the extent there was an express agreement and, if there was no express agreement, whether there was an implied agreement. Jordan's request would exclude evidence and argument quite relevant to a material fact—in fact, *the* material fact—in dispute. Jordan's first request is denied.

2. Second, it asks the Court to exclude any evidence or argument asserting the Brittany is entitled to a Spinner's Lien against Jordan's property by virtue of its storage and handling (as opposed to preparation) fees. The Court notes that the *value* of the alleged Spinner's Lien is not at issue in this case—Jordan has refused to pay Brittany anything, so it is not arguing that Brittany unjustifiably continued to hold Jordan's property after being offered the value of the

lien. Jordan's request seeks to ensure that the jury does not conclude that Brittany has a Spinner's lien based *solely* on storage and handling fees. Thus, the Court need not determine whether storage and handling fees can increase the value of a existing lien, merely whether storage and handling fees, standing alone, can create a lien under Massachusetts law in the first place.

The Court holds that they do not. As it stated in its previous opinion:

> Jordan Manufacturing argues that Brittany's storage and handling of the fabric and screens is not "work, labor and materials furnished in the spinning, [etc.]" of the polyester fabric and thus does not qualify for a lien under the plain language of statute. While no cases have specifically considered whether storage and handling qualify as work creating a spinner's lien, they most likely do not: at common law, an artisan's lien (of which the spinner's lien is surely a statutory descendant) is only created where the artisan bailee "who, with the consent of the owner, does work upon or adds materials to chattel." *North End Auto Park v. Petringa Trucking Co.*, 337 Mass. 618, 150 N.E.2d 735, 738 (1958); *see also Lake River Corp. v. Carborundum Co.*, 769 F.2d 1284, 1287 (7th Cir.1985) (quoting substantially the same from the Restatement of Security § 61). Thus, it would not encompass services such as the storage and handling of goods unless the lienor also provided services that enhanced the goods. *See, e.g.*, *In re Fairway Records, Inc.*, 6 B.R. 162 (Bkrtcy.N.Y.1980); *but see Mickey's Clan, Inc. v. N.Y. Credit Men's Adjustment Bureau, Inc.*, 114 Misc.2d 926, 452 N.Y.S.2d 555 (1981) (allowing lien for storage and handling in preparation for manufacturing services). Massachusetts has by statute extended some liens to cover storage as well as repair or improvement, e.g., 255 Mass. Gen. L. § 25 (garage keeper's lien includes "storage and care" as well as "repairing"), but it has not done so in the spinner's lien statute.

*Jordan Mfg.*, 822 F. Supp. 2d at 852-53. The Court confirms its previous reasoning. Nothing in the statute, the case law, or the common law history of artisan liens suggests that a lien for storage and handling fees arises under the Massachusetts Spinner's Lien. The statute provides an extensive list of the type of work that *does* give rise to a lien, and storage and handling are nowhere found. When a statute includes such a list, it is a strong indication that things not listed are excluded. *See Bagley v. Illyrian Gardens, Inc.*, 519 N.E.2d 1308, 1310 (Mass. 1988)

3

("Expressio unius est exclusio alterius."); *see also* 2A Sutherland Statutory Construction § 47:23 (7th ed.). While this maxim is merely a rule of construction and must give way to legislative intent, there is no indication that the Massachusetts legislature intended to derogate from the common law. Jordan's second request is granted.

3. Finally, it seeks to exclude evidence or argument asserting or implying that Brittany is entitled to hold a lien against Jordan's property on any basis other than a statutory Spinner's lien. The Court has already ruled that "Brittany's lien must arise, if at all, under the Massachusetts [Spinner's Lien] statute." *Jordan Mfg.*, 822 F. Supp. 2d at 852. Brittany has argued (and Jordan concedes) that evidence that it *believed* there were other bases for a lien would be relevant to the knowledge or intent element of the civil conversion count, as well as to whether and to what extent its culpability warrants treble damages. At the pretrial conference, however, Brittany's counsel acknowledged that there was no evidence to suggest that Brittany believed there was some other basis for its lien, and conceded to Jordan's third request. Therefore, the Court grants Jordan's request, subject to reconsideration at trial if necessary.

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Plaintiff Jordan Manufacturing's Motion in Limine [DE 60]. Specifically, the Court grants the first and third request but denies the second.

SO ORDERED.

ENTERED:  August 28, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court

4